Mathias, Judge,
dissenting.
I respectfully dissent. The majority’s explanation of the statutory framework of the issue before us is commendable. I disagree only with the majority’s interpretation of this -statutory framework.
As noted by the majority, a patient who has filed an action seeking less than $15,000 in damages directly in a trial court may dismiss that action. and thereafter have the benefit of the normal two-year statute of limitations, plus an additional 180 days,' tó' file a new action seeking damages' in excess of $15,000. See Ind. Code. §§ 34-18-8-6(b), 34-18-7-l(c). To qualify for this additional 180-day extension of the normal statute of limitations, the patient need only establish that she “later learn[s] during the pendency of the action, that the bodily injury is more serious than previously believed and that fifteen thousand dollars ($15,000) is insufficient compensation for the bodily injury.” I.C. § 34-18-8-6(b)(2).
The majority concludes that White must show that “something additional has to have occurred since the original lawsuit was filed in court: that is, the patient has subsequently acquired knowledge of or received information about something she did not previously know with regard to her *1182 injury and $15,000 is insufficient to compensate her for that more serious injury.” Op., supra, at p. 1179. The majority then notes that they do not mean to imply that this “something additional” “necessarily has to be medical evidence, such as a doctor’s opinion.” Id. at 1179-80 n.3. Indeed, the majority agrees with White that “ ‘a patient can “learn” something in a variety of ways, for example, by being told, by reading or by personal experience.'’” Id. (quoting Appellee’s Brief at 11) (emphasis added).
I write separately to emphasize that I believe that medical evidence, such as a physician’s expert opinion, is certainly not required to establish that a patient has “later learned” that her injury is more serious than originally believed.
However, unlike the majority, I also believe that, in the present case, White adequately established that she later learned that her injury was more serious than she originally believed. White originally pleaded that: her face immediately began to experience discoloration after the treatment; Dr. Johnson told her, incorrectly, that the discoloration would go away by the end of the day; that the burned area of her face turned dark and peeled, revealing the flesh underneath the skin; and that although her scarring had improved, it still remained after several months.
White’s affidavit, attached to the motion to dismiss her original action, averred that: Dr. Johnson negligently burned her face; she experienced immediate burning and discoloration; she believed the discoloration would disappear; and the discoloration still remained and therefore she did “not believe that [$15,000] is sufficient to compensate me for the injury to my face.” Appellant’s App. p. 88. White’s proposed complaint she submitted to the Indiana Department of Insurance contained similar allegations. See id. p. 31.
The majority concludes that White failed to allege that she learned anything new or different about her injury after filing her original complaint. However, she averred that the discoloration still remained. Thus, because the discoloration had still not improved, White came to the personal conclusion that a lifetime of facial disfiguration was worth more than $15,000. In terms of the statute, White “learned” that her claim, based upon her permanent facial disfiguration, was worth more than $15,000. Under the facts and circumstances before us, I think a woman’s ultimate decision that a lifetime of facial disfiguration was worth more than $15,000 is something she could, and here did, “learn” from looking into the mirror every day, trying without success to use make-up to make the scarring less noticeable. I believe this alone is sufficient to trigger the 180-day extension provided for by Indiana Code section 34-18-7-l(c).
Accordingly, I would affirm the trial court’s denial of the Provider’s motion for summary judgment.